DCG
HRW: USAO 2017R00811

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 20-cr-234-PX |
| | * | |
| RONALD S. REPASS, | * | (False Statement or Fraud to |
| | * | Obtain Federal Employees' |
| Defendant | * | Compensation, 18 U.S.C. § 1920) |
| | * | |

*******

## INDICTMENT

### COUNTS ONE THROUGH FOUR
(False Statement or Fraud to Obtain Federal Employees' Compensation)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to the charges in this Indictment:

1. The United States Department of Labor ("DOL") was a department of the executive branch of the United States government. DOL's Office of Worker's Compensation Programs ("OWCP") administered major disability compensation programs which provided wage loss benefits, medical treatment, vocational rehabilitation, and other benefits for federal government employees who became disabled during the performance of their duties.

2. To determine continued eligibility for benefits, DOL required disabled employees to annually complete and sign DOL OWCP Form EN 1032 ("Form 1032"), which required the employee to answer, among others, the questions, "Did you work for any employer during the past 15 months?" and "Were you self-employed or involved in any business enterprise in the past 15 months?" Employees were also required to immediately report to OWCP any improvements in their medical condition. Disabled employees were required to certify that the statements were

true and correct and that the employee knew that a person who fraudulently concealed or failed to report income or other information which had an effect on benefits would be subject to criminal prosecution. In addition, a disabled federal employee who received OWCP workers' compensation payments was required to immediately advise OWCP if the employee returned to work, either part-time or full-time, or other information which had affected his or her continued eligibility for benefits.

### Background

3.   Beginning in October 1989, **RONALD S. REPASS** ("**REPASS**") was employed by the United States Postal Service ("USPS") at the Poolesville Post Office in Montgomery County, Maryland. He was a rural carrier on December 5, 2014, when **REPASS** filed a workers' compensation claim after he fell and hurt his right shoulder. **REPASS's** claim was accepted by OWCP on February 11, 2015 for "right rotator cuff tear." OWCP determined that **REPASS** was qualified to receive benefits, and **REPASS** began receiving benefits on February 22, 2015. Based on his disability, **REPASS** received approximately $3,227 every 28 days in wage loss benefits. The eligibility was based on a finding that **REPASS** was not able to perform any of the routine duties of his job. **REPASS** was required to regularly submit a Form 1032.

4.   On September 20, 2016, April 22, 2017, October 16, 2017, and September 17, 2018, **REPASS** signed and submitted a Form 1032 and answered "No" to questions about whether he worked for any employer and whether he was self-employed or involved in any business enterprise in the previous 15 months.

5.   Between in or about February 2016 and in or about February 2019, **REPASS** worked part-time as a snow plow driver and was paid for his labor.

6. Between in or about December 2016 and in or about October 2019, **REPASS** worked as a service advisor at an automotive repair shop and was paid for his labor.

7. Between in or about June 2015 and in or about October 2016, **REPASS** worked part-time for a home improvement company as a field supervisor and was paid for his labor

8. Between in or about May 2016 and in or about November 2016, **REPASS** worked part-time as a plumber and was paid for his labor.

9. Between in or about July 2016 and in or about October 2016, **REPASS** worked part-time as a plumber and installed window blinds and was paid for his labor

10. Between in or about June 2017 and in or about November 2017, **REPASS** worked mowing lawns and was paid for his labor.

## The Charges

11. On or about the dates listed below, in the District of Maryland, the defendant,

**RONALD S. REPASS,**

did knowingly and willfully falsify and conceal a material fact, and made a false, fictitious and fraudulent statement and representation, and made and used a false statement and report knowing the same to contain any false, fictitious, and fraudulent statement and entry, in connection with an application for and receipt of compensation and other benefit and payment under the Federal Employees' Compensation Act, subchapter I or III of chapter 81 of title 5, and by such conduct obtained more than $1,000, as detailed below:

| Count | Claim Date | Misrepresentation |
|---|---|---|
| 1 | September 20, 2016 | Form 1032 indicating that in the previous 15 months, **REPASS** had no earnings, when in truth and in fact **REPASS** had been employed and had been receiving earnings from employment. |
| 2 | April 22, 2017 | Form 1032 indicating that in the previous 15 months, **REPASS** had no earnings, when in truth and in fact **REPASS** had been employed and had been receiving earnings from employment. |

| Count | Claim Date | Misrepresentation |
|---|---|---|
| 3 | October 16, 2017 | Form 1032 indicating that in the previous 15 months, **REPASS** had no earnings, when in truth and in fact **REPASS** had been employed and had been receiving earnings from employment. |
| 4 | September 17, 2018 | Form 1032 indicating that in the previous 15 months, **REPASS** had no earnings, when in truth and in fact **REPASS** had been employed and had been receiving earnings from employment. |

18 U.S.C. § 1920

*[signature]*
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: August 3, 2020

4